**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

UNITED STATES OF AMERICA            *

v.                                  *            **Case No. 17-cr-0650-PWG**

KENTON CARONE SMITH                 *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**AMENDED MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Kenton Carone Smith's, Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 53. Mr. Smith is incarcerated at FCI Cumberland in Cumberland, Maryland. Citing his moderate-to-severe asthma and type 2 diabetes, he requests that his sentence be modified to time served, considering he is scheduled to be released in March, 2021. Def.'s Mot. at 1; Ex. 1 to Def.'s Mot. at 1 (ECF No. 55-1). I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Smith's motion is GRANTED in part and DENIED in part. I will order Mr. Smith released, but impose an additional condition of his supervised release to require six months of home confinement, with location monitoring, as directed by the probation officer. Smith will be released once he has completed a 14-day quarantine and the United States Probation Office (USPO) completes an evaluation of the home where Smith will serve his home detention.

## BACKGROUND

In 2017, Mr. Smith entered a guilty plea to being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). He received a sentence of 48-months incarceration followed

---

[1]       The motion is fully briefed. *See* ECF Nos. 53, 62, and 66.

by three years of supervised release.  Judgement Order (issued Oct. 5, 2018) (ECF No. 43).  He has served over 42 months of that sentence and is scheduled for release on March 3, 2021.  As stated above and in the motion, Mr. Smith suffers from moderate-to-severe asthma and type 2 diabetes.  His asthma requires use of an inhaler and he has suffered asthma attacks previously. Ex. 1 to Def.'s Mot. at 2; Def.'s Mot at 3.  Both of these conditions render an individual vulnerable to severe illness should they contract COVID-19. CDC, *People of Any Age with Underlying Medical Conditions*,   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.   While Cumberland FCI is not currently experiencing an outbreak of COVID-19, defense counsel suggests the situation could deteriorate with colder weather approaching.  Def.'s Mot. at 8.

The Government opposed Mr. Smith's motion, arguing he remains a danger to the community, citing his extensive criminal history. Gov't's Opp. at 14-17 (ECF No. 62). Defense counsel states Mr. Smith has fully pursued his administrative remedies, thus meeting the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).  Def.'s Mot. at 2. The government does not contradict this point.

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020).  However, there is an exception when modification is "expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B).  Here, Mr. Smith requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[2]  The First Step Act permits a defendant to petition

---

[2]     The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP").  In 2018 Congress amended the compassionate release mechanism when it enacted the

a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.*

## I. Administrative Exhaustion

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied because Smith has not received a response to his most recent request for compassionate release and more than 30 days have elapsed. Def. Mot. at 2. The Government does not contest this.

## II. Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). I join with the majority of courts finding that 18 U.S.C. § 3582(c)(1)(A)(i) as amended grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States*

---

First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the court to act on a motion for compassionate release filed by a defendant.

*v. Wise*, ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance.

The applicable Sentencing Commission policy statements are found in U.S.S.G. § 1B1.13, which recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including that "the defendant is not a danger to the safety of any other person or to the community." The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

Judges in this court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where a defendant had serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No.: 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this court and others and the application of multiple conditions). Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

Smith suffers from two medical conditions that carry the possibility of exacerbating a positive diagnosis for COVID-19. While there is not currently an outbreak at FCI Cumberland, the approaching colder weather and flu season create the possibility of dire conditions developing before Smith's release. I find Smith's medical conditions, and the potential for severe illness from COVID-19, constitute extraordinary and compelling reasons justifying a sentence modification.

These concerns are further considered in the analysis of the sentencing factors.

## III.   Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary, not sufficient, condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

Here, Smith committed the instant offense while on probation and while under the influence of drugs or alcohol. Gov't Resp. at 14. He also has substantial criminal history, first encountering the criminal justice system in 1997 at age 19 and having regular arrests and convictions until the instant case. But Smith has served nearly all of his sentence. And, more importantly, he appears to have made substantial progress towards addressing his substance abuse challenges while incarcerated, having completed BOP's 500-hour Residential Drug Abuse Program earlier this year.

As for the need for this particular sentence and types of available sentences, the main concern is community safety.  Imposing home confinement as a condition of supervised release will protect the community while avoiding risk of exposure to COVID-19, should conditions worsen at BOP Cumberland. The other applicable factors also counsel in favor of imposing home confinement as a condition of supervised release.

Considering all of the circumstances, I find that granting release at this time would be consistent with the sentencing factors set forth in § 3553(a)—Smith will continue to be detained for an additional period of time, albeit under home detention as a condition of supervised , thus reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment. § 3553(a)(2)(A).  The sentence also promotes deterrence: Smith has served most of his sentence while in the BOP, which underscores the severity of his conduct.  § 3553(a)(2)(A). Home confinement as a condition of supervised release will protect the public and Smith has completed important BOP programming (the Residential Drug Abuse Program) while incarcerated.  § 3553(a)(2)(C)-(D).

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Smith faces based on his asthma and  type 2 diabetes. I find that he has exhausted his administrative remedies, shown extraordinary and compelling reasons for a sentence modification, and demonstrated the applicable sentencing factors justify such a modification.  Therefore, Smith's motion for compassionate release is granted.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 16th day of October 2020, hereby ORDERED that Smith's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3581(c)(1)(A)(i),  (ECF No. 53), is GRANTED IN PART and DENIED IN PART, *nunc pro tunc* October 5, 2020. Smith shall be released upon completing a 14-day quarantine and USPO's approval of the home where Smith shall be placed on home confinement for six months as a condition of supervised release.

_____/S/_____
Paul W. Grimm
United States District Judge